## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| Joseph Perrin,<br>    Plaintiff, | CIVIL ACTION<br>NO: 20-cv-165 |
| v. | |
| State of Louisiana and the Department of Transportation and Development,<br>    Defendants. | |

### Complaint for Violation of Equal Protection

Plaintiff Joseph Perrin, on behalf of himself and all similarly situated persons, complains of actions by the State of Louisiana and the Department of Transportation and Development and presents the following:

Parties

1.	Plaintiff, Joseph Perrin, a person of full age and major residing in and who has resided in the Parish of Tangipahoa in the State of Louisiana since before 1983, who proceeds individually and proposes to proceed on behalf of all plaintiffs and claimants that are part of the case *Jean Boudreaux, et al. v. State of Louisiana, Department of Transportation* who hold a valid judgment of liability from July 7, 1999 and a valid unpaid judgment of damages of against the State of Louisiana, Department of Transportation dated August 5, 2003.

2.	Defendants, The State of Louisiana and Louisiana's Department of Transportation and Development.

Jurisdiction and Venue

3.	This action arises under the Fourteenth Amendment of the Constitution of the United States of America as plaintiff pleads that the State of Louisiana and its Department of Transportation denied and continue to deny plaintiff and proposed class of claimants the equal protection of the law guaranteed by the Fourteenth Amendment. Specifically, as recognized by the United States Court of Appeals, Fifth Circuit, plaintiff and the claimants are permitted to make and go forward with these claims in this Court because they plead and can prove that State of Louisiana and Department of Transportation has unconstitutionally discriminated between them and all other persons in its jurisdiction by differentiating between them and all other similarly situated person – namely all other persons who held judgments against the State since 2003 through 2018, all of whom had their judgments paid and/or satisfied.

4.	Jurisdiction and Venue are proper pursuant to the 28 U.S.C. §1331, 1343, and 1983.

Facts – State Refuses to Pay *Boudreaux* Plaintiffs But Pays All Other Judgment Creditors

5.	The State of Louisiana and its Department of Transportation and Development constructed a section of Interstate Highway I-12 across the Tangipahoa River flood plain near the town of Robert, Louisiana over a distance of approximately one and two tenths mile. The section of I-12 crossing the flood plain created a dirt embankment or dam across more than 75% of the flood plain with only three small and inadequate openings for water to flow through. The construction of this section of I-12 has resulted in severe flooding in Tangipahoa Parish both upstream and downstream of Interstate Highway 12 in 1983.

6.	In 1984, Jean Boudreaux and more than 1280 residents and property and business owners filed a lawsuit in the 21st Judicial District, Parish of Tangipahoa against the State of

Louisiana and its Department of Transportation for the State's role and culpability in the flood and for their specific damages. *Jean Boudreaux, et al. v. The State of Louisiana, Department of Transportation, et al.,* Case No. 71408.

7. The case proceeded as a class action against the State of Louisiana, and a valid judgment of liability against the State of Louisiana, Department of Transportation was obtained on July 7, 1999. Wherein, the State of Louisiana, Department of Transportation – the defendants before this Court – were determined to be liable to Boudreaux and the class, including Joeseph Perrin. The judgment was affirmed and upheld by Louisiana First Circuit Court of Appeals (2001) and the Louisiana Supreme Court (2002).

8. On August 5, 2003, Boudreaux and the class obtained a valid judgment for damages against the Defendant, the State of Louisiana, Department of Transportation in specific amounts owed to the class and its members. The judgment for the more than 1280 class members exceeded $91,000,000 and additionally includes interest from the date of judicial demand along with court costs and expert witness fees. This judgment was affirmed and upheld by the Louisiana First Circuit Court of Appeals (2005) and the Louisiana Supreme Court (2006). Today this valid judgment for damages, costs, and interests exceeds $320,000,000, and it remains unpaid.

9. Despite repeated requests by the class since 2003 for payment of the valid judgment, the State of Louisiana has refused to pay the judgment. Over the past sixteen years, only one monetary set aside by State has been made where the money was placed into a class escrow account that has never been paid out to Boudreaux or any member of the class. This set aside occurred years ago, and is believed to represent less than 2% of the total amount owed under the valid judgment, and potentially does not even cover expenses.

3

10. Over the course of the past sixteen years, the State of Louisiana has paid or satisfied every judgment held by any, all, and, every plaintiff that remained due and unpaid from before August 5, 2003.

11. Over the course of the past sixteen years, the State of Louisiana has paid or satisfied every judgment held by any, all, and every plaintiff that remained unpaid from on or after August 5, 2003 through May 2018, except the State did not and has not paid or satisfied the *Boudreaux* judgment owed to the plaintiffs, including Joseph Perrin the lead plaintiff in the case before this Court.

12. As of Act No. 59 passed in the State of Louisiana 2018 Regular Session and signed into law by Governor Edwards, every single plaintiff holding a valid judgment against the State of Louisiana since at least August 2003 has had their judgment satisfied except the *Boudreaux* plaintiffs.

13. The evidence Plaintiff will be able show the Court is that the State of Louisiana has treated the *Boudreaux* judgment, and specifically the *Boudreaux* plaintiff and class members, differently than all other judgments of similarly situated judgment credits. Indeed, the *Boudreaux* plaintiff and class members were treated differently than every other similarly situated judgment creditor for over sixteen years.

14. The defendants' actions against the plaintiff Perrin and the *Boudreaux* class members is and was intentional, in addition to being an arbitrary discrimination and application of the law. There is no rational basis to disparately treat the plaintiff and the class than ever other judgment credit for sixteen years – and possibly ever.

15. In addition to treating the plaintiff and *Boudreaux* judgment creditors differently, the Defendants refusal to pay a judgment for over sixteen years while paying all other judgments

is tantamount to an explicit statement that the Defendants have, are, and will continue to refuse to pay the *Boudreuax* judgment creditors. This and all Federal Courts have a sufficient federal interest and Constitutional obligation to enforce the equal protections owed to all, including equal protection provided by the satisfaction of a judgment where the defendants, even a state entity, refuse to satisfy it and treat that single judgment as different and to be a judgment that cannot and will never be enforced.

Request to Proceed as a Class Action

16.     Plaintiff Perrin brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

17.     Plaintiff seeks to represent a class consisting of all persons and entities who hold or share in an interest in the August 5, 2003 *Boudreaux* judgment.

18.     This action is properly brought as a class action because the class members are so numerous that joinder of all of them is impracticable. While the exact number of class members is unknown because so many years have passed, it is believed that more than 1200 persons will be part of the proposed class.

19.     This action also is brought as a class action because common questions of law and commons questions of fact exist as to all class members, and these common questions predominate over questions solely affecting individual class members, including and mainly whether the defendant violated the Fourteenth Amendment of the United States Constitution by denying the plaintiff and proposed class of claimants the equal protection of the law guaranteed by the Fourteenth Amendment by unconstitutionally discriminating between them and all other persons in its jurisdiction by differentiating between them and all other similarly situated

persons – namely discriminating against them compared to all other persons who held judgments against the State since 2003 through 2018, all of whom had their judgments paid and/or satisfied.

20. Not only do these common questions predominate, proceeding as a class action provides a superior means to fairly and efficiently adjudicating the controversy.

21. Plaintiff's claims are typical of the other class members' claims, and his claims do not conflict with the other class members' claims, as both plaintiff and the class members seek common relief for property and personal damage due to Defendants' actions, inaction, and unconstitutional taking.

22. The class members' interests will be adequately and fairly protected by the plaintiff, Perrin, whose interests are consistent with the class members.

23. Plaintiff and the class members will be represented by counsel experienced in class actions.

24. Moreover, the defendants have acted or refused to act on grounds generally applicable to the class.

25. Class certification is therefore appropriate under the Rules of Civil Procedure, specifically Rule 23, and federal law.

26. Not proceeding as a class action will result in a multiplicity of lawsuits, cause (additional) undue hardship and expense for those damaged by the 1983 flood, cause more lawsuits to be filed, and create a risk of inconsistent rulings and adjudications relating to both those damaged and the defendants.

Relief Sought

27.     As a direct and proximate result of the defendant's unconstitutional actions and inaction the plaintiff's and the class members are entitled to and seek equal protection of the law to be determined and enforced by this Court.

28.     Plaintiff and the class members are also entitled to and seek to recover all their reasonable and necessary attorneys' fees, litigation expenses, and court costs as permitted by law.

29.     Plaintiff requests a trial by jury.

WHEREFORE, plaintiff Joseph Perrin, on behalf of himself and the class members, requests that this Court to (a) declare that the State of Louisiana and Department of Transportation has violated the Fourteenth Amendment of the United States Constitution by denying the plaintiff and proposed class of claimants the equal protection of the law guaranteed by the Fourteenth Amendment by unconstitutionally discriminating between them and all other persons in its jurisdiction by differentiating between them and all other similarly situated persons – namely discriminating against them compared to all other persons who held judgments against the State since 2003 through 2018, all of whom had their judgments paid and/or satisfied, and (b) enforce the U.S. Constitution's guarantees of equal protection of the law guaranteed by the Fourteenth Amendment as to the plaintiff and the class in relation to and under the law and jurisdiction of the State of Louisiana in the same and equal manner as all other person have been treated under the law from August 2003 to the 2018 and through the present, and (c) grant all

other relief that this Court deems just and proper.

                                              Respectfully submitted,

                                              /s/ Eric R. Nowak
Eric R. Nowak (La. #27025)
HARRELL & NOWAK, LLC
909 Poydras St., Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 522-7885
Facsimile: (504) 528-3131
enowak@hnjustice.com

                                              and

Byard Edwards, Jr. (La. # 5282)
902 C.M. Fagan Drive, Suite G
Hammond, LA 70403
Telephone: (985)520-2131
Fax: (985)902-7515
Email: byardedwards@bellsouth.net

Attorneys for Plaintiff and Proposed Class