UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH PERRIN | CIVIL ACTION |
| VERSUS | |
| STATE OF LOUISIANA, ET AL. | NO. 20-00165-BAJ-EWD |

RULING AND ORDER

Before the Court is Intervenors' **Motion to Dismiss for Deficiencies under Rule 17, Rule 12(b)(6) and for Lack of Standing (Doc. 15)**. The Motion is opposed. (Doc. 26). Defendant has filed Reply Memoranda. (Doc. 29; Doc. 38). For the reasons stated herein, Intervenors' Motion is **GRANTED**.

I. BACKGROUND

This dispute arises out of an allegedly unpaid judgment ("*Boudreaux* judgment") stemming from a Louisiana state court class action lawsuit (the "Class Action Litigation").[1] (Doc. 1, ¶ 1). Plaintiff Joseph Perrin alleges that he was a member of a class that obtained the *Boudreaux* judgment against the State of Louisiana, Department of Transportation. (*Id.* at ¶ 7). The State of Louisiana has allegedly refused to pay the judgment. (*Id.* at ¶ 9).

---

[1] The state court matter is captioned *Jean Boudreaux, et al. v. The State of La., Dep't of Transp., et al.*, Case No. 71408 in the 21st Judicial District Court, Parish of Tangipahoa. (Doc. 1, ¶ 6).

1

Plaintiff alleges that the State has paid or satisfied every judgment held by other plaintiffs that remained due and unpaid from on or after August 5, 2003 through May 2018. (*Id.* at ¶ 11). The State of Louisiana has allegedly treated the *Boudreaux* judgment differently than all other judgments of similarly situated judgment creditors. (*Id.* at ¶ 13).

Plaintiff brought the instant action to enforce "the equal protections owed to all" regarding the State's satisfaction of amounts owed to judgment creditors. (*Id.* at ¶ 15). Plaintiff ultimately seeks to certify the instant matter as a class action consisting of all persons who hold an interest in the *Boudreaux* judgment pursuant to Federal Rule of Civil Procedure 23. (*Id.*).

Class members and Plaintiff Class Representatives in the underlying Class Action Litigation, Carol Morse, Janice Hyde, Peggy Barringer, Devonna Milton, William Derbins and Jean Boudreaux, intervened in this case through Independent Counsel and Class Counsel as designated by the state court ("Intervenors").[2] (*See generally* Doc. 9).

### A. Class Involved in State Class Action Litigation

Intervenors allege that a September 30, 2010 state court Order designated Independent Counsel and Class Counsel in the Class Action Litigation.[3] (*Id.* at ¶ 12).

---

[2] Intervenors allege that the state court certified as "class members" "any and all individuals and entities who previously submitted timely proof of claim forms in the litigation and who were included in the Class defined and ordered by the court." (Doc. 9, ¶ 3).

[3] Intervenors assert that the state court Order designated "Calvin C. Fayard, Jr. and Fayard and Honeycutt (A Professional Corporation) as Independent Counsel" and "A. Edwards II, Jean-Paul Layrisson and Henry G. Terhoeve as Class Counsel."

2

The state court Order allegedly gave Independent Counsel full authority to act with certain veto rights supplied to Class Counsel.[4] (*Id*; Doc. 9-1). The alleged purpose of the state court Order was to designate and authorize specific attorneys—Independent Counsel and Class Counsel—who could act on behalf of the Class Members and Class Representatives to pursue efforts to collect on the state court judgment, subject to the authority of the 21st Judicial District Court. (Doc. 9, ¶ 13).

## B. Procedural History of State Class Action Litigation

Intervenors assert that the Class Action Litigation was bifurcated. (*Id.* at ¶ 4). A trial on the issue of liability was held in April 1999 and resulted in a judgment against the State of Louisiana. (*Id.*). The State of Louisiana appealed the judgment to the Louisiana First Circuit Court of Appeals, which affirmed the judgment in *Boudreaux v. The State of La., Dep't of Transp. and Dev.*, 2000-0050 (La. App. 1 Cir. 2/16/01); 780 So. 2d 1163. (*Id.* at ¶ 5). The State sought a writ of certiorari to the Louisiana Supreme Court. (*Id.* at ¶ 6). After oral argument, however, the writ was withdrawn by the Court in *Boudreaux v. The State of La., Dep't of Transp. and Dev.*, 2001-1329 (La. 2/26/02); 815 So. 2d 7. (*Id.*). The Louisiana Supreme Court then remanded the case for a determination of damages. (*Id.*).

---

[4] The Order provides that Fayard shall have authority to act on behalf of the class of plaintiffs, with input from members of Class Counsel and subject to any further orders of the court. (Doc. 15-4, p. 1). Further, the 21st Judicial District Court ordered that Fayard's decision can be overridden by unanimous vote of the Class Counsel subject to the Court's concurrence. (*Id.* at p. 2). Fayard can be removed as independent counsel by unanimous vote of Class Counsel subject to the concurrence of the Court. (*Id.*).

Intervenors assert that the 21st Judicial District Court, Parish of Tangipahoa rendered its judgment regarding damages on November 5, 2003, awarding a total of $92,125,592.00. (*Id.* at ¶ 7). The State of Louisiana appealed the judgment. (*Id.*). On appeal, the Louisiana First Circuit Court of Appeals slightly modified the amount to $92,091,117.00 but otherwise affirmed the judgment in its decision in *Boudreaux v. The State of La., Dep't of Transp. and Dev.*, 2004-0985 (La. App. 1st Cir. 6/10/05); 906 So. 2d 695. (*Id.* at ¶ 8). Again, the State sought a writ of certiorari to the Louisiana Supreme Court regarding the judgment on damages, which was denied in *Boudreaux v. The State of La., Dep't of Transp. and Dev.*, 2005-2242 (La. 2/17/06); 924 So. 2d 1018. (*Id.* at ¶ 9).

Just three months ago, on December 19, 2020, the state court issued an Order decreeing that the underlying "Class Action Litigation ([S]uit No. 71408) and the corresponding Plaintiff Class and all matters pertaining to and derivative thereof continues to exist under the authority, jurisdiction and direction of this court [the state court]."[5] (Doc. 15-9).

### C. Payment of *Boudreaux* Judgment

Intervenors allege that since the *Boudreaux* judgment became final, through the efforts of Class Counsel, the State of Louisiana through the Louisiana Legislature

---

[5] The Court has thoroughly reviewed Plaintiff's Opposition to Intervenors' Motion to Supplement the Record (Doc. 32; 33), arguing that Intervenors' request to add an additional exhibit—the state court order—is "an attack on [the] Court's jurisdiction and authority to hear and rule upon a U.S. Constitutional question that is already under submission for ruling." (Doc. 33, p. 1). The Court concludes that the act of filing the exhibit itself is not an attack on the Court's jurisdiction and authority. (Doc. 15-9; Doc. 31). The Court is required to have all of the relevant facts before it in order to fully consider the Motion at issue.

4

has paid $6,500,000 to reduce the amount due under the judgment during the Jindal administration. (Doc. 9, ¶ 10). These payments are allegedly being held in a special escrow account by Order of the 21st Judicial District Court in agreement with the State. (*Id.*).

Intervenors also present the Affidavit of Jay Dardenne, the current Commissioner of Administration for the State of Louisiana and Governor John Bel Edwards. (Doc. 29-2, ¶ 1). Commissioner Dardenne attests that he has personal knowledge of the *Boudreaux* judgment against the State of Louisiana. (*Id.* at ¶ 2). As Commissioner, Dardenne has met with Class Counsel, who "have diligently pressed the Administration to try to reach a resolution satisfying the judgment in their case against the State of Louisiana." (*Id.*).

The Commissioner states that he and his staff have reviewed and exchanged multiple drafts of potential agreements, compromises, and payment schedules, and have researched potential funding sources for the settlement. (*Id.* at ¶ 3). Additionally, the Commissioner asserts that "[i]n December 2019, a new proposed plan on how to try and resolve the matter in the 2020 Legislative session was discussed. Unfortunately, the global pandemic caused by Covid-19 and its uncertainty on the state's budget has delayed moving forward with these discussions." (*Id.* at ¶ 5).

Further, Commissioner Dardenne sets forth that the "Administration's intent is to continue discussions with Class Counsel to try and find an acceptable solution to resolve this judgment." The Administration "expect[s] to continue these

5

negotiations in the upcoming weeks and months so that they can be addressed at either a fall special legislative session or the 2021 general session. It is important that the State's budget forecast become clearer before we can have those discussions in any meaningful way." (*Id.* at ¶ 6).

### D. Intervenors' Allegations

Intervenors allege that Plaintiff's counsel in the instant matter have no authority to act on behalf of Class Members and Class Representatives. (*Id.* at ¶ 13; Doc. 9-2). Additionally, Intervenors assert that no order or authority has been given to Plaintiff to act alone on behalf of the Class Members; rather, Plaintiff was designated as one of the class representatives of the Plaintiff Class. (Doc. 9, ¶ 13).

Intervenors further allege that neither Plaintiff nor Plaintiffs' Counsel ever contacted or obtained approval of Independent Counsel or Class Counsel authorizing the filing of the federal Complaint. (*Id.* at ¶ 14; *see* Doc. 1). Intervenors further allege that the federal Complaint is fraught with legal impediments because it is in direct contravention of the orders of the 21st Judicial District Court and represents a "rogue effort to proceed without valid legal authority." (Doc. 9, ¶ 14).

The State of Louisiana and the Class Members through Independent Counsel, Class Counsel, and their lobbyists have allegedly been in active negotiations to confect a final agreement to conclude the claims of the Plaintiff Class, subject to approval of the 21st Judicial District Court. Class Counsel and Independent Counsel are allegedly responsible for the partial payments of $6.5 million that have been made

6

and have worked for years with the current Administration and Legislature for a final resolution. (*Id.*).

Intervenors allege that the instant matter is not only a breach of the state court's Order but impedes efforts to confect a final agreement and may fatally jeopardize or delay same at a critical time. Intervenors argue that such actions are harmful to the real Plaintiff Class that already exists in state court. (*Id.*).

Accordingly, Intervenors move to dismiss Plaintiff's Complaint for deficiencies under Rule 17, Rule 12(b)(6), and for lack of standing. (Doc. 15).

## II.   LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In ruling on a motion to dismiss for

7

lack of standing, courts must accept as true all material allegations of the Complaint, and must construe the Complaint in favor of the complaining party. *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Although Intervenors have brought up other issues in addition to their standing argument, the Court must first address the issue of standing. Rule 12(b)(1) motions for lack of subject matter jurisdiction must be considered by the district court before other challenges. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than

8

labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

### III.  DISCUSSION

Intervenors argue that Plaintiff lacks standing to bring this suit. (Doc. 15-1). Additionally, Intervenors assert that Plaintiff's suit contravenes and attacks a state court judgment; Plaintiff is not the proper party to file suit since he is a member of a pending class action in state Court; and Plaintiff may not act individually on behalf of the class members. (Doc. 15; Doc. 15-1). The Court will first consider the issue of standing. *See Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

The standing doctrine is a threshold inquiry to adjudication, which defines and limits the role of the judiciary. *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 570 F. Supp. 2d 851, 853 (E.D. La. 2008) (citing *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003); *Warth v. Seldin*, 422 U.S. 490, 517–18 (1975)). It is well settled that unless a plaintiff has standing, a federal district court lacks subject matter jurisdiction to address the merits of the case. *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 570 F. Supp. 2d at 853.

In the absence of standing, there is no "case or controversy" between the plaintiff and defendant which serves as the basis for the exercise of judicial power under Article III of the Constitution. *Id.* (citing *Warth*, 422 U.S. at 498–499). The key

9

question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant federal court jurisdiction. *Baker v. Carr*, 369 U.S. 186, 204 (1962).

For a plaintiff to have sufficient standing under Article III, the plaintiff must show the following: (1) he has suffered or will suffer an injury; (2) his injury is traceable to the defendant's conduct; and (3) a favorable federal court decision will likely redress the injury. *Samnorwood Indep. Sch. Dist. v. Tex. Educ. Agency,* 533 F.3d 258, 264–65 (5th Cir. 2008) (citing *Bennett v. Spear*, 520 U.S. 154 (1997)).

Plaintiff asserts that all three requirements for standing are met. Specifically, Plaintiff argues that he has an injury-in-fact particular to him as a judgment creditor; his injury is connected to the State's action of non-payment of only one judgment; and his injury can be remedied by the Court in an Order requiring "the State to follow the mandates of the U.S. Constitution and provide equal treatment to him as to all judgment creditors." (Doc. 26, p. 14).

Here, the Court doubts whether a favorable decision would redress the alleged injury. *See Samnorwood Indep. Sch. Dist.,* 533 F.3d at 264–65. If Plaintiff were to succeed in his equal protection claim, the outcome would be an Order from the Court requiring the State of Louisiana to pay the state court's judgment arising out of the Class Action Litigation. (Doc. 26, p. 14). If the Court were to issue such an Order, the parties would effectively be in the same exact position that they are in today. It is undisputed that the state court has already ordered the State of Louisiana to pay the judgment. (Doc. 1, ¶ 8; Doc. 9, ¶¶ 7–9). An Order from this Court would simply impose

10

a mandate on the State that already exists.[6]

It is well established that a plaintiff lacks standing where it is "uncertain that granting [the plaintiff] the relief it wants would remedy its injuries." *Gohmert v. Pence*, No. 6:20-CV-660-JDK, 2021 WL 17141, at *5 (E.D. Tex.), *aff'd*, 832 F. App'x 349 (5th Cir. 2021) (citing *Inclusive Comtys. Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 657–58 (5th Cir. 2019)). Because a favorable ruling from this Court will not redress the alleged injury, Plaintiff does not have standing to pursue the instant action and Intervenors' Motion to Dismiss will be granted.[7]

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Intervenors' **Motion To Dismiss For Pursuant To Deficiencies Under Rule 17, Rule 12(B)(6) And For Lack Of Standing (Doc. 15)** is **GRANTED.**

---

[6] The Court is sympathetic, however, to the frustrating circumstances Plaintiff and the class members find themselves in due to the State's failure to pay the *Boudreaux* judgment.

[7] Even if Plaintiff had standing, the Court notes that compelling reasons exist in this case for the Court to consider exercising *Younger* abstention as expanded in *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 2 (1987). *Younger v. Harris*, 401 U.S. 37 (1971); *Pennzoil Co.*, 481 U.S. at 2 (The Supreme Court's precedents have "repeatedly [] recognized that the States have important interests in administering certain aspects of their judicial systems. These include enforcing the orders and judgments of the States' courts.").

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

Baton Rouge, Louisiana, this 31st day of March, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**